UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIVIN M. BARBOZA
and other similarly situated individuals,

     Plaintiff,

v.

SABOR VENEZOLANO KENDALL, INC.

     Defendant,

_____/

## COMPLAINT

     COMES NOW the Plaintiff MARIVIN M. BARBOZA, by and through the undersigned counsel, and sues Defendant SABOR VENEZOLANO KENDALL, INC., on the grounds set forth herein:

### INTRODUCTION

1. This is an action by Plaintiff MARIVIN M. BARBOZA, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to her by the Defendant's discriminatory treatment based on her Sex.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

6. Defendant subjected Plaintiff to Sex discrimination, which affected the terms and conditions of her employment and resulted in her termination.

<u>PARTIES</u>

7. The Plaintiff MARIVIN M. BARBOZA is a resident of Dade County Florida, within the jurisdiction of this Honorable Court, who was employed by the Defendant SABOR VENEZOLANO KENDALL, INC., and is a member of certain protected classes of persons.  Plaintiff is a covered employee for purposes of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992, Florida Statute Section 760.

8. Defendant SABOR VENEZOLANO KENDALL, INC. (hereinafter SABOR VENEZOLANO, or Defendant) is a Florida Profit Corporation registered to do

business in the State of Florida. The Defendant performed business in Dade County, Florida, within the jurisdiction of this Court.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce who has more than 15 employees, for each working day in each of 20 or more calendar weeks at all relevant times, as required by Section 701 (b), (g), and (h) of Title VII, 42 U.S.C. §2000e (b), (g), and (h).

## PROCEDURAL REQUIREMENTS

10. On or about March 03, 2020, Plaintiff filed her Amended Charge of Discrimination with the Equal Employment Opportunity Commission, (EEOC) thereby satisfying the requirements of 42 U.S.C.A. § 2000e-5(b), (e). Such charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

11. On request, on or about June 30, 2020, the Equal Opportunity Commission issued to Plaintiff a Notice of Right to Sue concerning such charge of discrimination. Accordingly, the present complaint is being filed within 90 days of the date of the Notice of Right to Sue. *See* **Exhibit "A".**

12. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

## GENERAL ALLEGATIONS

13. The Plaintiff MARIVIN M. BARBOZA is a 33-year-old female who was employed by Defendant SABOR VENEZOLANO and who is a member of certain protected classes of persons.

14. Defendant SABOR VENEZOLANO is a Venezuelan restaurant that has locations in Kendall, Doral, and Pembroke Pines. The Plaintiff worked at SABOR VENEZOLANO located at 13762 SW 88 ST, Miami, FL 33186.

15. Defendant SABOR VENEZOLANO, employed Plaintiff MARIVIN M. BARBOZA as a cook assistant from approximately September 09, 2018, to October 14, 2019, or 57 weeks.

16. The Plaintiff was hired as a full-time, salaried employee. During her employment period, the Plaintiff was paid a salary of $561.00 per week.

17. The Plaintiff was hired by the owner of the business Manuel Villalobos to substitute an employee which left the day before. As a condition of employment, Mr. Manuel Villalobos requested Plaintiff to begin to work immediately. Plaintiff was recommended for the position by a close relative who was the Chef at the restaurant.

18. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

19. However, during her time of employment with Defendant, Plaintiff experienced unlawful discrimination and retaliation based on her Sex/Gender.

20. Beginning November 2018, the owner of the business Manuel Villalobos, began to discriminate and to harass Plaintiff with discriminatory and sexist and negative remarks about women in general, and about women as undesirable in the workplace.

21. Mr. Manuel Villalobos exhibited prejudice against women, childbearing issues, maternity, and women with caregiving responsibilities. Mr. Manuel Villalobos mistreated all female employees working at SABOR VENEZOLANO including Plaintiff.

22. Mr. Manuel Villalobos constantly complained about female employees, and he said that he would never hire a woman because women are not as good at their jobs as male employees.

23. He constantly made comments like: "I prefer to have men working because they can carry more weight"; "I prefer men because women talk too much"; "I think men work better than women", and many other comments diminishing the value of work done by female employees.

24. Mr. Manuel Villalobos had outdated stereotypes about women, and he said that women of childbearing age or women who had children were a big problem for the company.

25. Plaintiff felt particularly afraid and offended because she was a mother of 2 children age 12, and 6-year-old, and she had full caregiving responsibilities.

26. At SABOR VENEZOLANO female employees, including Plaintiff were always afraid of losing their jobs due to Sex discrimination issues.

27. On or about December 2018, Plaintiff confronted Mr. Manuel Villalobos and complained about Sex discrimination. Plaintiff requested Mr. Manuel Villalobos to stop his discriminatory remarks directed to her and directed other female employees because she was a woman and a mother, and she felt very upset and offended.

28. This complaint constituted protected activity under Title VII, and the FCRA, Chapter 760.

29. Mr. Manuel Villalobos did not pay any attention to Plaintiff's complaints and he continued his discriminatory remarks and disrespectful treatment towards Plaintiff and other female employees.

30. The frequency and disrespectful comments about women at the workplace constituted harassment based on Plaintiff's Sex.  The conduct of Mr. Manuel Villalobos was so frequent and persistent, that created a hostile and intimidating working environment for Plaintiff.  Plaintiff lived in anxiety, and fear of losing her job.

31. The Plaintiff could not complain about the discriminatory and harassing conduct of Mr. Manuel Villalobos, because he was the owner and the maximum authority of the business.

32. The Plaintiff had family responsibilities and she needed her job. Thus, she had to endure the discriminatory treatment applied to her by her superior, a person with the power to hire and fire, as a condition for continued employment.

33. On or about August 20, 2019, Plaintiff requested Defendant to vary her schedule, Plaintiff's regular schedule was from 7:00 AM to 3:00 PM. Plaintiff requested Defendant to allow her to start working at 7:30 AM, so she could be able to take her children to school, Plaintiff offered to stay working late. Defendant reluctantly accepted the work arrangement.

34. After this work arrangement, Mr. Manuel Villalobos penalized Plaintiff by increasing his harassment with all kinds of detrimental comments about the inconveniences caused by female employees, including Plaintiff.

35. On or about the last week of September 2019, Plaintiff confronted Mr. Manuel Villalobos, Plaintiff complained to Mr. Manuel Villalobos about Sex discrimination again and requested him to stop his harassment because of her condition as a woman and as a mother.  Plaintiff reminded him that every time there were problems at the restaurant, the female employees were the first to help him to run the business.

36. This complaint constituted protected activity under Title VII, and the FCRA, Chapter 760.

37. Unfortunately for Plaintiff, on or about October 14, 2019, Mr. Manuel Villalobos called Plaintiff after she finished her shift, and told her that beginning the next day, she had to start working at 6:30 AM. The Plaintiff in complete disbelief begged Mr. Manuel Villalobos to give her 2 days to make some arrangements with her children. Mr. Manuel Villalobos refused, then Plaintiff asked him: "If I start working at 6:30, I would go home earlier?; Mr. Manuel Villalobos refused; then Plaintiff said: "So, I suppose you are going to pay me more"; Mr. Manuel Villalobos told Plaintiff: "No, your salary is going to be the same". Finally, Mr. Manuel Villalobos told Plaintiff: "Let me talk to you clearly, you are fired! tomorrow a man will begin working in your position. You know, I prefer working with men because they can lift heavier and don't have to bother the dishwasher for help".

38. The Plaintiff protested for her termination and told Defendant that the only reason she was being fired was discrimination because of her Sex, and she requested the Defendant to reconsider its decision to terminate her employment.

39. This complaint constituted protected activity under Title VII, and the FCRA, Chapter 760.

40. The Defendant did not reconsider the Plaintiff's petition and terminated her effective immediately.

41. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's Sex and her complaints about Sex discrimination.

42. The discrimination, refusal to hire, promote, or terminate an individual based on stereotyped characterizations of the sexes and then retaliate against the complaining employee, constitute a violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760

43. There were no legitimate, non-discriminatory, and/or non-retaliatory reasons for the discriminatory action taken against Plaintiff MARIVIN M. BARBOZA.

44. The negative impact of the discriminatory and retaliatory action taken by SABOR VENEZOLANO against Plaintiff MARIVIN M. BARBOZA has resulted in subsequent damage for Plaintiff's mental, physical health, and financial well-being.

45. Plaintiff MARIVIN M. BARBOZA has suffered double damage and will continue to suffer both irreparable injury and damages because of the Defendant's discriminatory practices unless and until this Court grants relief.

46. Because of the actions of the Defendant, Plaintiff has been damaged.  In that, the Plaintiff has suffered serious economic losses, lost wages, and has she suffered mental pain and emotional distress.

47. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

48. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendant's discriminatory practices, unless and until this Court grants relief.

49. The actions of the Defendant SABOR VENEZOLANO and or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

50. Defendant SABOR VENEZOLANO is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

51. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>**COUNT I:**</u>
**PLAINTIFF DISCRIMINATION CLAIM BASED ON SEX/GENDER**
**IN VIOLATION OF THE CIVIL RIGHT ACT OF 1964 (TITLE VII)**

52. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

53. At all times material hereto, the Employer/Defendant SABOR VENEZOLANO failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

54. Defendant's refusal to promote Plaintiff MARIVIN M. BARBOZA was caused by Defendant being aware of Plaintiff's Sex/Gender.

55. Defendant's decision to discriminate against Plaintiff MARIVIN M. BARBOZA was because of Plaintiff's Sex/Gender and her related discrimination complaints.

56. At all relevant times including the time of discrimination, Defendant was aware that Plaintiff MARIVIN M. BARBOZA was a female.

57. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

58. The Plaintiff was qualified for the position apart from her Sex or Gender.

59. The Plaintiff was denied a promotion and then removed from her position because the Plaintiff was a female.

60. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

61. Defendant SABOR VENEZOLANO through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated Plaintiff MARIVIN M. BARBOZA on account of her Sex.

62. Plaintiff MARIVIN M. BARBOZA was wrongfully terminated by the Defendant, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex/Gender and her related complains about Sex/Gender discrimination.

63. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MARIVIN M. BARBOZA suffered serious economic losses as well as mental pain and suffering.

64. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex discrimination in the form of failure to promote.

65. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Gender identity. Discrimination based on Sex/Gender constitutes unlawful discrimination.

66. Defendant, SABOR VENEZOLANO is subject to vicarious liability for the actions of its management, because it failed to take adequate remedial measures to halt the discrimination, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, and retaliation was occurring.

67. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIVIN M. BARBOZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant SABOR VENEZOLANO, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex.

B. Reinstate Plaintiff MARIVIN M. BARBOZA to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff MARIVIN M. BARBOZA.

D. Order Defendant SABOR VENEZOLANO to make Plaintiff MARIVIN M. BARBOZA whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental

pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E.  Award a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages,

G.  Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIVIN M. BARBOZA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**<u>VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION</u>**

68. Plaintiff MARIVIN M. BARBOZA re-adopts every factual allegation as stated in paragraphs 1-51 above as if set out in full herein.

69. At all times material hereto, the Employer/Defendant SABOR VENEZOLANO failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter**."** 42 U.S.C. § 2000e-3(a) (emphasis added).

70. Defendant SABOR VENEZOLANO is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

71. Defendants SABOR VENEZOLANO, employed Plaintiff MARIVIN M. BARBOZA as a cook assistant from approximately September 09, 2018, to October 14, 2019, or 57 weeks.

72. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

73. However, during her time of employment with Defendant Plaintiff experienced unlawful Sex discrimination.

74. The owner of the business Mr. Manuel Villalobos harassed Plaintiff on basis of Sex, and because she was a female.  Plaintiff was harassed and subjected to a hostile working environment.

75. Plaintiff engaged in protected activity and complained about Sex/Gender discrimination on multiple times. Plaintiff complained to her superiors.

76. These complaints constituted Protected activities under the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a).

77. As a result, on or about October 14, 2020, Plaintiff was fired from her position and she was replaced by a male employee.

78. Defendant discriminated against Plaintiff MARIVIN M. BARBOZA because of her Sex/Gender and then terminated her employment in retaliation to her multiple complaints about Sex/Gender discrimination against her.

79. Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of her employment.

80. Defendant SABOR VENEZOLANO through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff MARIVIN M. BARBOZA on account of Plaintiff's complaints about Sex/Gender discrimination.

81. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination based on Sex.

82. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff participated in protected activity, for the last time on or about the last week of September 2019.

83. The failure of the Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

84. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to their complaints of unlawful discrimination.  Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

85. Defendant's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

86. Defendant SABOR VENEZOLANO is subject to vicarious liability for the actions of its managers and agents because it failed to take adequate remedial measures to halt the discrimination, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination and retaliation was occurring.

87. As a result of the retaliation, Plaintiff MARIVIN M. BARBOZA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

88. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIVIN M. BARBOZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIVIN M. BARBOZA demands a trial by jury on all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX

89. Plaintiff MARIVIN M. BARBOZA re-adopts every factual allegation as stated in paragraphs 1-51 and above as if set out in full herein.

90. At all times material hereto, the Employer/Defendant SABOR VENEZOLANO failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

   "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

91. The discrimination of Plaintiff MARIVIN M. BARBOZA by Defendant MARIVIN M. BARBOZA was caused by Defendant being aware of Plaintiff's Sex.

92. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex.

93. At all relevant times, including the time of discrimination, Defendant SABOR VENEZOLANO was aware that Plaintiff MARIVIN M. BARBOZA was a female.

94. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

95. The Plaintiff was qualified for the position apart from her Sex.

96. The Plaintiff was denied a promotion just because she was a female.

97. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

98. The failure of Defendant SABOR VENEZOLANO to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

99. Defendant SABOR VENEZOLANO through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff MARIVIN M. BARBOZA on account of her Sex, with respect to its decision to treat Plaintiff different from other employees, in violation of the Act

100.     Plaintiff MARIVIN M. BARBOZA was discriminated against, and she was wrongfully terminated by the Defendant, and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

101.     Defendant, SABOR VENEZOLANO is subject to vicarious liability for the actions of its manager and agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

102.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiff MARIVIN M. BARBOZA suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

103.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination.

104.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

105.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff MARIVIN M. BARBOZA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff MARIVIN M. BARBOZA to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff MARIVIN M. BARBOZA;

D. Order Defendant SABOR VENEZOLANO to make Plaintiff whole, by compensating Plaintiff MARIVIN M. BARBOZA for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIVIN M. BARBOZA demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT IV:**</u>
<u>**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**</u>
<u>**CHAPTER 760, FLORIDA STATUTES; RETALIATION**</u>

106.    Plaintiff MARIVIN M. BARBOZA re-adopts every factual allegation as stated in paragraphs 1-51 and 89-105 of this Complaint as if set out in full herein.

107.    This is an action against Defendant SABOR VENEZOLANO for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

108.    The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

109.    The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

110.    Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex, and because she participated in protected activities within the meaning of the Florida Civil Rights Act.

111.    Plaintiff MARIVIN M. BARBOZA, while working for Defendant SABOR VENEZOLANO was subjected to discrimination based on her Sex.

112.    Defendant subjected Plaintiff to different adverse employment actions

including but not limited to the following acts and omissions: discrimination, harassment based on her Sex, and retaliatory discharge.

113.     Defendants SABOR VENEZOLANO, employed Plaintiff MARIVIN M. BARBOZA as a cook assistant from approximately September 09, 2018, to October 14, 2019, or 57 weeks.

114.     Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed her duties without significant issue or controversy.

115.     However, during her time of employment with Defendant Plaintiff experienced unlawful discrimination based on her Sex.

116.     The owner of the business Mr. Manuel Villalobos harassed Plaintiff based on Sex, and because she was a female.  Plaintiff was harassed and subjected to a hostile working environment.

117.     Plaintiff engaged in protected activity and complained about Sex/Gender discrimination on multiple times. Plaintiff complained to her superior.

118.     These complaints constituted Protected activities under the FCRA, *Fla. Stat. Section 760.10,* (7).

119.     As a result, on or about October 14, 2020, Plaintiff was fired from her position and she was replaced by a male employee.

120.     Defendant discriminated against Plaintiff MARIVIN M. BARBOZA because of her Sex/Gender, and then terminated her employment in retaliation to her multiple complaints about Sex/Gender discrimination against her.

121.     Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

122.     Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's last participation in protected activity.

123.     Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex discrimination.

124.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex, and retaliation due to their complaints of unlawful Sex discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

125.     Defendant SABOR VENEZOLANO acts, through their agents, were done with malice and reckless disregard for Plaintiff's Federal and State protected civil rights.

126.     Defendant, SABOR VENEZOLANO is subject to vicarious liability for the actions of its manager and agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

127.     As a result of the retaliation, Plaintiff MARIVIN M. BARBOZA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation. Plaintiff has suffered injury and losses including a violation of her statutory rights.

128.    Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

129.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIVIN M. BARBOZA respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant SABOR VENEZOLANO its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B.  Award Plaintiff a judgment against the Defendant SABOR VENEZOLANO for compensatory damages as determined by the Trier of fact;

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant SABOR VENEZOLANO;

Award all reasonable Attorney's fees and costs incurred in connection with this action; and

E.   Any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff MARIVIN M. BARBOZA demands a trial by jury on all issues triable as of right by a jury.

Dated:  July 31, 2020

Respectfully submitted,

By:  _/s/ Zandro E. Palma___
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*
